UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DPR CONSTRUCTION, INC., | ) Case No. 06-CV-0025-R (JMA) |
| Plaintiff, | ) **ORDER GRANTING IN PART AND** |
| | ) **DENYING IN PART PLAINTIFF'S** |
| v. | ) **MOTION FOR AN ORDER COMPELLING** |
| | ) **PRODUCTION OF DOCUMENTS** |
| ANKA (CORTEZ HILL) LLC, et al., | ) |
| Defendants. | ) |

Plaintiff DPR Construction, Inc. seeks an order compelling the production of documents from various entities, including Anka (Cortez Hill) LLC and Anka Developments, Inc., which are defendants in this action, and PCL Construction Services, Inc. and Anka (Gaslamp) LLC, which are not parties to this litigation.

On September 7, 2006 and September 28, 2006, the undersigned's law clerk held joint conference calls with counsel for Plaintiff, Elizabeth Pietanza, Esq., and counsel for Defendants, Scott Omohundro, Esq., during which counsel fully set forth their positions concerning the subject discovery issues. At the Court's request, counsel for Plaintiff provided the

undersigned's chambers with the discovery requests at issue on September 29, 2006. After considering the foregoing, and counsels' arguments in favor of and against the requested discovery, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for an order compelling production of documents.

## I. CASE BACKGROUND

According to the allegations in the First Amended Complaint ("FAC"), Defendant Anka Developments, Inc. is involved in the construction and development of two high rise condominium projects in Downtown San Diego, namely the "Alta Project" in the Gaslamp District and the "Aria Project" on the corner of 9th Avenue and Ash Street. FAC at ¶ 8. Anka Developments, Inc. formed Anka (Gaslamp) LLC to develop the Alta Project and Anka (Cortez Hill) LLC to develop the Aria Project. Id.

Plaintiff engaged in contract negotiations with Defendants[1] in the summer and fall of 2004 for Plaintiff to act as the general contractor on the Alta and Aria Projects. FAC at ¶ 9. On October 25, 2004, Plaintiff and Anka (Gaslamp) LLC entered into a letter of intent for the construction of the Alta Project which stated a construction price of $46,700,000. FAC at ¶ 10. Plaintiff alleges that the parties "arrived at this price based on an express understanding that DPR would reduce its contract price by the amount of $473,000 <u>if</u> DPR also became the general contractor for the Aria Project . . . ." Id. This $473,000

---

[1] The named defendants in the First Amended Complaint are Anka (Cortez Hill) LLC, Anka Property Group, and Anka Developments, Inc. Answers have been filed on behalf of Anka (Cortez Hill) LLC and Anka Developments, Inc. only.

price reduction is referred to by the parties as the "Aria Factor." Id. On October 25, 2004, Plaintiff also entered into a Pre-Construction Agreement with Anka (Cortez Hill) LLC regarding the Aria Project. FAC at ¶ 11.

Plaintiff and Defendants met again in December 2004, at which time it was agreed that the purpose and nature of the Aria Factor was for Plaintiff to provide the $473,000 discount so long as Plaintiff also became the general contractor on the Aria Project. FAC at ¶ 12. However, when the parties met on December 13, 2004 to finalize and sign the formal contract for the Alta Project, the $473,000 discount did not reflect this contingency. FAC at ¶ 13. When Plaintiff identified this omission, Defendants and Anka (Gaslamp) LLC suggested that the Aria Factor contingency remain excluded from the Alta construction contract, so as to expedite the signing of that contract. FAC at ¶¶ 14-16. Defendants and Anka (Gaslamp) LLC suggested instead that the contingency be included as an amendment -- specifically, as a termination fee -- to the Aria Pre-Construction Agreement. FAC at ¶ 16. Shortly thereafter, Plaintiff and Defendants participated in a telephone conference, during which the parties orally agreed that in addition to $62,000 that Plaintiff was to receive in exchange for its pre-construction services on the Aria Project, Plaintiff would receive $473,000 if, despite Plaintiff's good faith efforts, Plaintiff did not become the general contractor on the Aria Project. FAC at ¶ 17. Plaintiff refers to this agreement as the "Aria Factor Agreement." Id.

Plaintiff provided Defendants with a Guaranteed Maximum Price ("GMP") proposal for the Aria Project in February 2005.

FAC at ¶ 21. Defendants, however, insisted on a lower price. Id. Further negotiations between the parties resulted in an impasse, and ultimately Defendants chose not to use Plaintiff as the general contractor for the Aria Project. FAC at ¶ 23.

Plaintiff requested its fees under the Aria Pre-Construction Agreement, including the $62,000 due pursuant to the original agreement and the $473,000 termination fee due under the Aria Factor Agreement. FAC at ¶ 24. Defendants refused to pay the $473,000 due. Id. Plaintiff's claims for relief in this action include: (1) breach of oral contract (the Aria Factor Agreement of December 13, 2004) against Anka (Cortez Hill) LLC; (2) breach of oral modification to written contract (the Aria Factor Agreement of December 13, 2004, which modified the Aria Pre-Construction Agreement) against Anka (Cortez Hill) LLC; and (3) negligent misrepresentation against all Defendants.

## II. LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure limits discovery to matters that are "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." Id. All discovery is subject to the limitations imposed by Rule 26(b)(2), which provides in relevant part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

```
        benefit, taking into account the needs of the case, the
        amount in controversy, the parties' resources, the
        importance of the issues at stake in the litigation,
        and the importance of the proposed discovery in
        resolving the issues.
```

Fed. R. Civ. P. 26(b)(2).

"The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action." Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment. The court has the authority to confine discovery to the claims and defenses asserted in the pleadings, and the parties have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. Id. The court also has the authority to define the actual scope of discovery to the reasonable needs of the action. Id.

### III. DISCUSSION

#### A. Documents Relating to PCL

Plaintiff seeks various documents relating to PCL Construction Services, Inc. ("PCL"), the current general contractor on the Aria Project. Plaintiff seeks production of documents responsive to the following discovery requests:

- Subpoena to PCL issued on June 23, 2006 commanding PCL to produce and permit inspection and copying of the documents and/or objects set forth in Exhibit 1 to the subpoena (19 categories of documents designated).

- Demand for Production of Documents to Anka (Cortez Hill) LLC, Set Two, Nos. 1-2 and 7-13.

- Demand for Production of Documents to Anka Developments, Inc., Set Two, Nos. 1-2 and 7-13.

The subpoena issued to PCL seeks, in summary, all documents pertaining to budgets, estimates, proposals, bids, bid negotiations, and contracts relating to the Aria Project,

including documents transmitted or exchanged between PCL and its prospective suppliers, contractors, or subcontractors on the Aria Project.  Pl.'s Subpoena to PCL, Nos. 1-19.[2]

The Demands for Production of Documents, Set Two, to Anka (Cortez Hill) LLC and Anka Developments, Inc. request much of the same information sought via the subpoena to PCL:

> Request No. 1:  All DOCUMENTS that comprise each budget or estimate prepared by PCL in connection with its contract bid for the development or construction management of the ARIA PROJECT.
>
> Request No. 2:  All spreadsheets prepared by PCL during the budget, estimating, or bid negotiating process for the ARIA PROJECT.
>
> Request No. 7:  All DOCUMENTS transmitted or exchanged between PCL and [Anka/Anka (Cortez Hill) LLC] RELATING to budgets or estimates prepared for the ARIA PROJECT.
>
> Request No. 8:  All DOCUMENTS transmitted or exchanged between PCL and YOU RELATING to budgets or estimates prepared for the ARIA PROJECT.
>
> Request No. 9:  All DOCUMENTS transmitted or exchanged between PCL and prospective suppliers that RELATE to the ARIA PROJECT.
>
> Request No. 10:  All DOCUMENTS transmitted or exchanged between PCL and prospective contractors or subcontractors that RELATE to the ARIA PROJECT.
>
> Request No. 11:  All DOCUMENTS RELATING to all bids, estimates, or proposals provided by PCL in negotiating development or construction management contract(s) for the ARIA PROJECT.
>
> Request No. 12:  All DOCUMENTS RELATING to all bids, estimates or proposals from prospective suppliers for the development of the ARIA PROJECT.
>
> Request No. 13:  All DOCUMENTS RELATING to all bids, estimates or proposals from prospective subcontractors for the development of the ARIA PROJECT.

---

[2] PCL is not a party to this litigation.  Counsel for Defendants has represented to the Court that his firm has objected to the subpoena to PCL on behalf of PCL, and has also objected to discovery requests directed at Defendants which seek production of PCL's documents.

1  Pl.'s Demand for Produc. of Docs. to Anka (Cortez Hill) LLC, Set
2  Two, Nos. 1-2, 7-13 & Pl.'s Demand for Produc. of Docs. to Anka
3  Developments, Inc., Set Two, Nos. 1-2, 7-13 (various definitions
4  and explanations omitted).

5       Plaintiff argues that the requested documents pertaining to
6  PCL are relevant because these documents will allow Plaintiff to
7  compare its bid on the Aria Project to PCL's bid on the project.
8  Plaintiff states that it wishes to make this comparison in order
9  to show that its bid on Aria was made in good faith.  Defendants,
10 on behalf of both themselves and PCL, argue in response that
11 Plaintiff's "good faith" in bidding on Aria is not at issue in
12 this case.  Rather, Defendants argue that this case concerns
13 Plaintiff's claim that there was a breach of an oral contract
14 (the Aria Factor Agreement), or of an oral modification (the Aria
15 Factor Agreement) to the written contract (the Aria Pre-
16 Construction Agreement) between Plaintiff and Anka (Cortez Hill)
17 LLC, pursuant to which Plaintiff was to receive $473,000 if it
18 was not selected as the general contractor on the Aria Project.
19 Additionally, Defendants assert that PCL is concerned about its
20 privacy interests, and does not wish to release its proprietary
21 and sensitive commercial information to Plaintiff, a competitor.
22 Although Plaintiff counters that responsive documents can be
23 produced by PCL pursuant to the protective order in this case
24 (see Doc. No. 16), PCL apparently believes that the protective
25 order is insufficient to protect its interests.  Plaintiff also
26 contends that the Court's June 6, 2006 Order (see Doc. No. 15),
27 which required Plaintiff to produce certain of its sensitive
28 commercial information pursuant to the protective order,

necessitates that PCL produce its sensitive commercial information as well.

As an initial matter, the Court questions whether it is truly necessary for Plaintiff to establish its "good faith" in bidding on Aria. In order to prevail in this case, Plaintiff must show the existence of either an oral contract or an oral modification to a written contract, or demonstrate that a negligent misrepresentation was made. This case is not about whether Plaintiff should have been awarded the Aria contract, but rather whether, not having obtained it, Plaintiff was entitled to receive $473,000 pursuant to the alleged oral contract or oral modification to a written contract. Thus, it is not clear to the Court that Plaintiff's good faith in bidding on Aria is an element of its claim.

Nonetheless, assuming *arguendo* that demonstrating its good faith efforts in bidding on Aria is necessary,[3] the Court finds that Plaintiff does not need the PCL documents it seeks in order to establish its good faith. In the Court's view, it is not necessary for Plaintiff to compare its own bid with PCL's bid on Aria to show its own good faith efforts to obtain that project, particularly when this endeavor would require the invasion of PCL's commercially sensitive, proprietary information. There are other means by which Plaintiff, if necessary, can demonstrate its good faith efforts. The terms of Plaintiff's own bid, and Plaintiff's actions during the bid process, should stand on their

---

[3]The Court notes that while Defendants' counsel stated during the conference calls with the undersigned's law clerk that Plaintiff's good faith in bidding on the Aria Project is not at issue, he also indicated that Defendants are reserving the right to argue that Plaintiff's efforts were not reasonable.

own merit.  In the First Amended Complaint, for example, Plaintiff alleges that it submitted its initial proposal on Aria in February 2005, and "[f]or the ensuing five months, DPR worked diligently to find ways to reduce the proposal to a price acceptable to Defendants."  FAC at ¶ 22.  It appears to the Court that Plaintiff should be able to utilize its own documents, and its representatives' own testimony, to establish that its efforts in bidding on Aria were made in good faith.  Additionally, Plaintiff can utilize expert testimony to demonstrate that its bid was made in good faith.  Furthermore, the intrusive search through the winning bidder's documents that Plaintiff seeks to undertake is wholly unnecessary because, as discussed above, Plaintiff need not establish that it should have been awarded the Aria contract.  Instead -- assuming this is even at issue -- Plaintiff would only have to establish that it engaged in a reasonable, good faith effort to obtain the contract.  Therefore, obtaining the commercially sensitive information of a non-party to the case is neither justified nor necessary for Plaintiff to establish its good faith efforts in bidding on the Aria Project.

  Moreover, the Court is concerned about the burden that producing responsive documents would place on PCL, a non-party to this litigation, whose only conceivable link to this case -- and an attenuated one at that -- is that it was ultimately chosen, instead of Plaintiff, as the general contractor on the Aria Project.  PCL's selection as the general contractor on Aria does not require it to produce its undoubtedly voluminous and proprietary information in relation to this matter.  Plaintiff and PCL operate in a highly competitive industry and each has a

keen interest in keeping its proprietary, commercially sensitive information confidential vis-à-vis the other.  While Plaintiff, who initiated this lawsuit, must expect to produce information in connection with this case, the pendency of this litigation does not entitle Plaintiff to unfettered access to PCL's documents. The Court finds that the burden that production would place on PCL, whether PCL itself is called upon to produce documents pursuant to the subpoena, or whether PCL's documents are produced by Defendants pursuant to the document requests, greatly outweighs Plaintiff's need for the requested information.  <u>See</u> Fed. R. Civ. P. 26(b)(2)(iii).

    Finally, the Court is not persuaded that it should compel production of PCL's documents simply because the Court previously ordered Plaintiff to produce certain documents similar to the documents Plaintiff now seeks from PCL and Defendants.  The circumstances underlying the Court's discovery order of June 6, 2006 are distinguishable from the circumstances here because the documents that Plaintiff was required to produce in that situation were relevant to the central issue in the case, i.e., the manner in which the parties characterized the $473,000 contract price reduction, or the reasons for the reduction.  <u>See</u> June 6, 2006 Order at 2.  Here, as discussed above, a comparison of Plaintiff's bid to PCL's bid on the Aria Project is not necessary for Plaintiff to establish its good faith efforts in bidding on Aria, as there are other more efficient and less intrusive means by which Plaintiff can make this showing. Additionally, the Court's previous order required production by Plaintiff, a party to the litigation, of its own documents,

1 whereas here, Plaintiff is seeking the documents of a non-party
2 to the action both directly (via the subpoena issued to PCL) and
3 indirectly (via requests for production of PCL's documents from
4 Defendants' files).  The discovery rules instruct that non-
5 parties are entitled to protection from unduly burdensome
6 discovery.  See Fed. R. Civ. P. 45(c)(1); see also Del Campo v.
7 Kennedy, 236 F.R.D. 454, 458 (N.D. Cal., 2006) ("Underlying the
8 protections of Rule 45 is the recognition that the word 'non-
9 party' serves as a constant reminder of the reasons for the
10 limitations that characterize 'third-party' discovery.")
11 (citation omitted and internal quotations partially omitted).
12     Therefore, for all of the reasons set forth above,
13 Plaintiff's motion for an order compelling production of PCL's
14 documents in response to the discovery requests set forth above
15 is **DENIED**.
16     B.   Exhibit C to the PCL/Anka Contract
17     Plaintiff's Demand for Inspection and Production of
18 Documents to Anka (Cortez Hill) LLC, Set One, No. 24 seeks the
19 following:
20     Request No. 24:  All contracts between YOU and the
        current general contractor for the ARIA PROJECT.
21
22 Pl.'s Demand for Inspec. and Produc. of Docs. to Anka (Cortez
23 Hill) LLC, Set One, No. 24.  According to Plaintiff, Anka has
24 produced the requested contract, but has withheld Exhibit C to
25 the contract from production.
26     According to Defendants, Exhibit C consists of a 90 page
27 document containing PCL's Guaranteed Maximum Price ("GMP") bid on
28 Aria.  The first 2 pages of Exhibit C are summary pages that

contain an itemization of the bid, including breakdowns of the various costs on the project, as well as PCL's total bid on Aria. The remaining 88 pages of Exhibit C provide a more detailed breakdown of each aspect of the bid. Defendants have offered, as a compromise, to produce the 2 page summary document to Plaintiff. Defendants are not willing to produce the remaining 88 pages of Exhibit C as these pages contain PCL's sensitive commercial information. Plaintiff, on the other hand, insists that the summary is not sufficient to permit a comparison of its own bid to PCL's bid, nor to establish that its own efforts in bidding on Aria were made in good faith.

The Court concludes that only the information contained in the 2 page summary of Exhibit C to the contract between PCL and Anka (Cortez Hill) LLC should be produced, as offered by Defendants. Notwithstanding the Court's view that a comparison of the bids is unnecessary for Plaintiff to establish its good faith efforts to obtain the Aria Project, the information offered by Defendants is sufficient to satisfy Plaintiff's alleged need to compare PCL's bid on Aria with its own bid. Accordingly, Plaintiff's motion for an order compelling production of Exhibit C to the contract is accordingly **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion is **GRANTED** with respect to the 2 page summary document contained in Exhibit C. Plaintiff's motion is **DENIED** with respect to the remainder of Exhibit C.

C.  Documents Relating to Anka's Anticipated Profits

Plaintiff seeks documents relating to Anka's anticipated profits on the Aria Project, and therefore seeks further responses to its Demand for Inspection and Production of

Documents to Anka (Cortez Hill) LLC, Set One, No. 13.  This request seeks the following:

> <u>Request No. 13</u>:  All ARIA PROJECT budgets, including without limitation, the original cost budget, the bid conforming budget, and all budget updates and transfers.

Pl.'s Demand for Inspec. and Produc. of Docs. to Anka (Cortez Hill) LLC, Set One, No. 13.  According to Plaintiff, Anka (Cortez Hill) LLC produced the requested budgets, but redacted the line containing the anticipated profits.

    Plaintiff argues that it needs the anticipated profit information to "test" Defendants' contention that they rejected Plaintiff's bid on Aria because they were constrained by their lender and could not agree to a higher price on the project. Plaintiff states that the anticipated profits would have been part of the equation considered by the lender.  Plaintiff further explains that this information will further assist it in demonstrating its good faith efforts in bidding on Aria. Defendants counter that any documents pertaining to anticipated profits are irrelevant and inadmissible, and contain protected financial information as well as prejudicial information. Defendants also believe that the information sought goes far afield of the $473,000 at issue in this case.

    The Court agrees with Defendants.  As discussed above, Plaintiff and Defendants are not litigating whether Plaintiff should have been awarded the Aria contract; rather, the issue is whether Plaintiff, not having obtained the Aria contract, was entitled to receive $473,000 pursuant to an oral contract or oral modification to a written contract.  As such, the requested

1  discovery does not appear to have any bearing on the claims in
2  this case.  Further, as previously discussed, there are
3  alternative and less intrusive means by which Plaintiff can
4  demonstrate its good faith efforts, if necessary.  The
5  information Plaintiff seeks here goes far afield of the claims in
6  this case and far beyond the reasonable needs of this action.
7  <u>See</u> Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment.
8        Accordingly, Plaintiff's motion for an order compelling
9  production of information concerning Defendants' anticipated
10 profits on the Aria Project is **DENIED**.
11       D.    <u>Documents Relating to Anka's Formation, Ownership, and Operation</u>
12
13       Plaintiff seeks documents relating to the formation,
14 ownership, and operation of Anka Developments, Inc. and Anka
15 (Gaslamp) LLC, and therefore seeks responses to its Demand for
16 Production of Documents to Anka Developments, Inc., Set One, No.
17 23 as well as to its subpoena issued to Anka (Gaslamp) LLC, No.
18 16.  These requests seek the following:
19       All DOCUMENTS RELATING to YOUR formation, ownership,
         and operations, including without limitation, all
20       minute books, articles, bylaws, operating agreements
         and statements of information.
21
22 Pl.'s Demand for Produc. of Docs. to Anka Developments, Inc., Set
23 One, No. 23; Pl.'s Subpoena to Anka (Gaslamp) LLC, No. 16.
24       Plaintiff's stated reasons for this information are to
25 ensure that it has named the proper parties in this lawsuit, and
26 to determine whether there are any alter ego and/or agency
27 relationships between the various Anka entities.  Defendants
28 contend that this is a fishing expedition.  Defendants have

explained that Anka Developments, Inc. is a management group, and that Anka (Cortez Hill) LLC is the owner of the Aria Project. Thus, Defendants concede that Plaintiff has named the proper parties in this case.[4] Plaintiff responds that it is contemplating adding Anka (Gaslamp) LLC as a party, as well as alter ego allegations, to this action, but wishes to conduct discovery on these issues before doing so.

The Court finds that these requests also seek information that goes beyond the reasonable needs of the action. The Advisory Committee notes accompanying Rule 26 provide that the primary target of the amendments to Rule 26(b) in 2000 was "discovery that swept 'far beyond the claims and defenses of the parties,' discovery that imposed unjustifiable expenses and delays and that sometimes seemed designed not to fairly litigate the issues presented by the pleadings but to 'develop new claims or defenses.'" <u>Bernstein v. Travelers Ins. Co.</u>, --- F.Supp.2d ---, 2006 WL 2474747 (N.D. Cal., Aug. 28, 2006) at *1 (citing Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment). In this case, Plaintiff, by way of these discovery requests, unjustifiably appears to be seeking to develop new claims in the case. The discovery sought does not pertain to the claims already identified in the pleadings. Additionally, the deadline set by the Court for filing a motion to join other parties or amend the pleadings, June 5, 2006, has long since passed. <u>See</u> Apr. 5, 2006 Order at 1. Accordingly, Plaintiff's motion for an

---

[4] Defendants also state that Anka (Gaslamp) LLC, a non-party to this action, is the owner of the Alta Project. The Court observes that Plaintiff was well aware of Anka (Gaslamp) LLC at the time it commenced this action, and apparently made a conscious decision not to sue this entity.

order compelling production of information regarding the formation, ownership, and operation of Anka Developments, Inc. and Anka (Gaslamp) LLC is **DENIED**.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's motion for an order compelling production of the documents requested in the discovery requests set forth above is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall be required to produce only the 2 page summary of Exhibit C to the contract between PCL and Anka (Cortez Hill) LLC. Plaintiff's motion to compel production of documents is otherwise denied.

**IT IS SO ORDERED.**

DATED: October 27, 2006

_____
Jan M. Adler
U.S. Magistrate Judge