FILED

2006 NOV 16 AM 10: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DPR CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANKA (CORTEZ HILL) LLC, et al., <br><br> Defendants. | Case No. 06-CV-0025-R (JMA) <br><br> **SUPPLEMENTAL ORDER REGARDING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS** |

Following the issuance of this Court's October 27, 2006 Order Granting in Part and Denying in Part Plaintiff's Motion for an Order Compelling Production of Documents ("the October 27 Order" or "the Order"), Defendants submitted a letter on November 9, 2006 in which they sought clarification on two aspects of the Order. Plaintiff responded on the same date and requested that the Court reconsider its rulings on those two aspects of the October 27 Order in light of Defendants' request for clarification. Defendants submitted a reply on November 10, 2006.[1] After reviewing the parties' letters, the Court declines

---

[1] Copies of the parties' letters are attached hereto.

to reconsider either of the aspects of the October 27 Order addressed in the parties' letters.

With regard to the first issue addressed by the letters, pertaining to Section III.D. of the October 27 Order, Defendants have now clarified that they reserve their right to contend that Plaintiff did not name the proper parties as to the first and second causes of action alleged in the First Amended Complaint. Notwithstanding Defendants' clarification, and without expressing any view as to whether Plaintiff has named the proper parties in the first two causes of action, the Court reaffirms its prior ruling on this aspect of the October 27 Order for, *inter alia*, the following reasons previously set forth: First, Plaintiff was well aware of Anka (Gaslamp) LLC at the time it commenced this action, as well as at the time it filed the First Amended Complaint, and knew that Anka (Gaslamp) LLC was the owner of the Alta Project, yet made a conscious decision on both occasions not to sue this entity. Second, Plaintiff had ample time in which to move to amend the First Amended Complaint to name Anka (Gaslamp) LLC prior to the deadline established by the Court -- June 5, 2006 -- but chose not to do so, and only moved to compel production of the requested discovery long thereafter.

With regard to the second issue addressed by the letters, pertaining to Section III.A. of the October 27 Order, Defendants' "clarification" adds nothing new that requires reconsideration of this aspect of the Order. First, it goes without saying that whether Plaintiff engaged in a good faith, reasonable effort to obtain the Aria Project has no relevance to the threshold issue of whether an oral contract or an oral modification of a written

1 | contract came into existence between the parties. Second, the
2 | October 27 Order acknowledges that Defendants reserve the right
3 | to argue that Plaintiff did not make a good faith, reasonable
4 | effort to obtain the Aria Project, assuming that (a) Plaintiff is
5 | able, as a threshold matter, to establish the existence of an
6 | oral contract or the oral modification of a written contract and
7 | (b) Plaintiff's good faith efforts in bidding on Aria are an
8 | element of its claims. Third, the Court specifically found that
9 | Plaintiff was not entitled to production of the PCL documents
10 | even assuming *arguendo* that its good faith efforts to obtain the
11 | Aria Project are an element of its claims.
12 | Accordingly, the Court declines to reconsider either of the
13 | two aspects of its October 27, 2006 Order addressed in the
14 | parties' letters.
15 | **IT IS SO ORDERED.**

Dated: November 15, 2006

JAN M. ADLER
United States Magistrate Judge

Received at: 1:27PM, 11/9/2006

NOV-09-2006 THU 01:22 PM PROCOPIO CORY            FAX NO. 619 235 0398            P. 02



**Procopio Cory Hargreaves & Savitch LLP**
Founded 1946

530 B Street • Suite 2100 • San Diego, California 92101-4469
Telephone 619-238-1900 • Fax 619-235-0398
www.procopio.com



Scott R. Omohundro
Direct Dial: (619) 525-3817
E-mail: sro@procopio.com

November 9, 2006

**Received in Chambers**

**NOV 0 9 2006**

**Hon. Jan M. Adler**

<u>Via Facsimile (619) 702-9939 And U.S. Mail</u>

Magistrate Judge Jan Adler
United States District Court
880 Front Street, Room D
San Diego, CA 92101-8900

Re:     <u>DPR Construction, Inc. v. Anka (Cortez Hill) LLC</u>
        Case No. 06-CV025-R (JMA)

Subject: **Order Granting In Part And Denying In Part Plaintiff's Motion For An Order Compelling Documents**

Dear Judge Adler:

Please allow the following to serve as a request for clarification regarding the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for an Order Compelling Documents.

In connection with Plaintiff's request for "Documents Relating to Anka's Formation, Ownership, and Operation" (*Section III, D*), Defendants explained that Anka Developments, Inc. is a management group and Anka (Cortez Hill) LLC, is the owner of the Aria project. (*14:28-15:2.*) Defendants further explained that Anka (Gaslamp) LLC, a non-party to this action, is the owner of the Alta project. (*15:fn. 4.*) However, Defendants respectfully request correction of the statement contained within the Order that "Defendants concede that Plaintiff has named the proper parties in this case." (*15:3-4.*). To the contrary, Defendants reserved the right to contend Plaintiff's causes of action have not been alleged against the proper parties. During the initial hearing on the Motion, the parties discussed at Plaintiff's suggestion disposing of this specific discovery issue by entering into a stipulation stating Plaintiff named the proper parties. Defendants subsequently advised Plaintiff and the Court during a second hearing on the Motion that it could not agree to such a stipulation and reserved its right to contend Plaintiff's causes of action had not been alleged against the proper parties.

In addition, Defendants submit the following clarification regarding a portion of the Order addressing "Documents Relating to PCL." (*Section III, A.*) Specifically, Defendants

Magistrate Judge Jan Adler
November 9, 2006
Page 2

Procopio
Cory
Hargreaves
& Savitch
LLP

would like to clarify their statement that Plaintiff's "good faith" in bidding on Aria is not at issue in this case. (7:9-12.) As stated in the Order, this case concerns Plaintiff's claim there was a breach of an oral contract (the alleged "Aria Factor" Agreement) or of an oral modification to a written contract (the Aria Pre-Construction Agreement) between Plaintiff and Anka (Cortez Hill) LLC. (7:12-18.) In arguing its position vis-à-vis Plaintiff's Motion, Defendants were attempting to convey their understanding that Plaintiff's "good faith" is entirely irrelevant to the <u>existence</u> of an oral contract or oral modification to a written contract. However, assuming Plaintiff is successful in proving the existence of a contract, Plaintiff appears to be arguing that its "good faith" in developing its bid was a requirement of the alleged contract, and was a condition precedent to Defendants' alleged obligation to pay $473,000 if Plaintiff was not awarded the Aria Project. As a result of Defendants' understanding of Plaintiff's allegations, Defendants reserved their right to argue Plaintiff's efforts were unreasonable and not made in the exercise of good faith in the unlikely event Plaintiff proved the existence of a contract. (8:fn. 3.)

Thank you for your consideration of the above. Please let Defendants know if the Court has any questions or requires further explanation.

Very truly yours,

Scott R. Omohundro

SRO/cm
cc:   Elizabeth Pietanza, Esq. (Via Facsimile (619) 231-4755)

113268.000002/647261.01

Received at: 4:51PM, 11/9/2006

NOV-09-2006 THU 04:46 PM SWSS                    FAX NO. 6192314755                    P. 02



Solomon Ward Seidenwurm & Smith LLP
Attorneys at Law

Wells Fargo Plaza
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
Facsimile (619) 231-4755
www.swsslaw.com

Elizabeth C. Pietanza
epietanza@swsslaw.com
Direct Dial (619) 238-4884
Direct Fax (619) 615-3501

November 9, 2006

**Received in Chambers**

**NOV 0 9 2006**

**Hon. Jan M. Adler**

VIA FACSIMILE and U.S. MAIL

The Honorable Jan M. Adler
U.S. District Court, First Floor
940 Front Street
San Diego, CA 92101

Re:   *DPR v. Anka*, 06 CV 0025 R (JMA)
      Anka's Request for Clarification re Discovery Order of October 27, 2006

Dear Judge Adler:

I respond to Anka's request that its letter of November 9, 2006 serve as a "clarification" to the Court's October 27 Discovery Order ("Order"). DPR objects to Anka's request and asks that if the Court grants it, that it reconsider its Order on the two specified grounds.

First, DPR requested documents relating to Anka's formation, ownership and operation to ensure that it named the proper defendants. During the hearings, Anka represented that Anka Developments, Inc. manages the Aria Project and Anka (Cortez Hill) LLC owns the Aria Project. From this representation the Court concluded that Anka "conceded that [DPR] named the proper parties in this case." The Court then denied DPR's request because it thought DPR was "seeking to develop new claims in the case."[1] If the Court grants Anka's request for clarification, DPR asks that the Court reconsider its decision on this issue and require Anka to produce the requested documents so DPR can ensure it named the proper defendants.

Second, Anka did not clarify during the hearings that it thought "good faith" was irrelevant to the existence of an oral contract but relevant to whether there was any breach of an oral contract or modification. Anka only reserved its right to argue DPR's efforts were "unreasonable." It is for the very reason that Anka intends to argue that DPR did not act in good faith that DPR needs the information related to the PCL subcontractors, the summary

---

[1] Oct. 27 Order p.15, ll.18-21.

Honorable Jan M. Adler
November 9, 2006
Page 2

of which DPR anticipates receiving by November 10. If the Court allows Anka to modify the Order by saying "good faith" is at issue in this case vis-a-vis breach of an oral contract or modification, DPR asks that the Court reconsider its denial of the document requests related to PCL's subcontractors and allow discovery of that information.

I appreciate your consideration. Please contact me with any questions.

Sincerely yours,

*Elizabeth C. Pietanza*
Elizabeth C. Pietanza

cc:   Scott Omohundro, Esq.

P:296265.1:09140.092

Received at: 1:25PM, 11/10/2006

PCHS                              11/10/2006  1:24 PM   PAGE   2/003    Fax Server




Procopio
Cory
Hargreaves
& Savitch
Founded 1946      LLP

530 B Street • Suite 2100 • San Diego, California 92101-4469
Telephone 619-238-1900 • Fax 619-235-0398
www.procopio.com

Scott R. Omohundro
Direct Dial: (619) 525-3817
E-mail: sro@procopio.com

November 10, 2006

**Received in Chambers**

**NOV 1 3 2006**

Via Facsimile (619) 702-9939 and U.S. Mail

**Hon. Jan M. Adler**

Magistrate Judge Jan Adler
United States District Court
880 Front Street, Room D
San Diego, CA 92101-8900

Re:   **DPR Construction, Inc. v. Anka (Cortez Hill) LLC**
      Case No. 06-CV025-R (JMA)

Subject:   **Order Granting In Part And Denying In Part Plaintiff's Motion For An Order Compelling Documents**

Dear Judge Adler:

Please allow the following to respond to DPR Construction, Inc.'s November 9, 2006 letter regarding the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for an Order Compelling Documents. The purpose of Defendants' original letter seeking clarification was simply to ensure there would be no misunderstanding between the parties as to Defendants' position at trial. Defendants do not believe their request for clarification alters in any way the basis for the Court's ruling. However, should it cause the Court to reconsider, Defendants are available to address any such concerns.

In response to DPR's letter, Defendants concede Plaintiff named the proper parties relating to the ownership and management of the Aria project. Specifically, Defendants agree that Anka (Cortez Hill) LLC owns and Anka Developments manages the construction of the Aria project. However, with regard to Plaintiff's claim there was a breach of an oral contract or of an oral modification to a written contract, Defendants <u>do not agree</u> that the named parties are the parties against whom Plaintiff is allegedly entitled to relief. Plaintiff's November 9th letter does not dispute that Defendants advised Plaintiff that they reserved the right to contend Plaintiff's causes of action have not been alleged against the proper parties. Finally, the Court recognized that Plaintiff was well aware of Anka (Gaslamp) LLC's ownership of the Alta project when it commenced this action, but apparently made a conscious decision not to sue this entity.

113268.000002/648142.01

North County Office: 1917 Palomar Oaks Way • Suite 300 • Carlsbad, California 92008-6511 • Telephone 760-931-9700 • Fax 760-931-1155

Magistrate Judge Jan Adler
November 10, 2006
Page 2

Procopio
Cory
Hargreaves
& Savitch
LLP

With regard to Plaintiff's request for PCL's bid documents, if "good faith" is an issue in this case, it is solely as a result of Plaintiff's allegations. As alleged in Plaintiff's First Amended Complaint, Plaintiff's "good faith" in developing its bid for the Aria project is a condition precedent to Defendants' alleged obligation to pay $473,000 if Plaintiff was not awarded the Aria project. Defendants therefore reserved their right to argue Plaintiff's efforts were unreasonable and not made in the exercise of good faith in the unlikely event Plaintiff proved the existence of a contract. Regardless, as stated in the Order, "assuming arguendo that demonstrating its good faith efforts in bidding on Aria is necessary, the Court finds that Plaintiff does not need the PCL documents it seeks in order to establish its good faith." *(8:15-18.)*

Thank you for your consideration of the above.

Very truly yours,

Scott R. Omohundro

SRO/lj
cc:   Elizabeth Pietanza, Esq. (Via Facsimile (619) 231-4755)

113268.000002/648142.01